CHARLES R. BISHOP v. B. G. TARTT.

Decided January 16, 1908.

**1.—Contract of Sale—Specific Performance.**

In order to entitle plaintiff to maintain an action for the specific performance of a contract for the sale of land, it is not necessary in this State to allege in his petition that an action for damages was not an adequate remedy.

**2.—Same—Evidence.**

In a suit to enforce the specific performance of a contract for the sale of land, evidence considered, and held sufficient to support the judgment of the court decreeing performance.

Appeal from the District Court of Galveston County. Tried below before Hon. Robt. G. Street.

*Terry, Cavin & Mills,* for appellant.—The ground on which equity first assumed the power of giving specific performance of contracts was to aid the defective remedy of the common law, and the inadequacy of the remedy at law is still the controlling consideration. 26 Am. and Eng. Enc. of Law, 2d ed., page 14.

As the origin of the remedy of specific performance was due to the inadequacy of the common law, so the inadequacy of the legal remedy is still the controlling requisite for specific performance. 26 Am. and Eng. Enc of Law, page 17.

A court of equity will not grant relief where the complaining party will not be deprived of any legal right by withholding it, unless he can show clearly that he is entitled to the relief sought. If the plaintiff has an adequate remedy at law, he must seek his redress there. Waterman on Specific Performance of Contracts, sec. 9, page 12; Levy v. Hill, 50 N. Y. App. Div., 294; Meehan v. Owens, 196 Pa. St., 69.

A power to sell land does not of itself imply an authority to sell on credit. The presumption is that the sale is to be for cash. Morton v. Morris, 27 Texas Civ. App., 266, and authorities cited.

In any event, if it was ever intended that the written contract should contain a provision for all cash payment and if that provision was omitted from the written contract by mistake, the plaintiff is nevertheless not entitled to reformation of the writing because the evidence shows, without contradiction, that his failure to discover the mistake was due to his own inexcusable and negligent failure to read the instrument before or at the time he signed it, and he can not be heard to complain of a result caused by his want of vigilance, and will not be permitted "to allege as a matter of defense his ignorance of what it was his duty to know, nor will a court of equity assist him to avoid the consequences of his own negligence." Hagan v. Conn, 40 S. W. Rep. (Texas Civ. App.), 18; Robertson v. Smith, 11 Texas, 217-18; Smith v. Fly, 24 Texas, 354; 20 Am. and Eng. Enc. of Law, 831, 832, and numerous authorities there cited.

*D. D. McDonald,* for appellee.

PLEASANTS, Chief Justice.—This is a suit by appellee against appellant to enforce specific performance of the following contract:

"Galveston, Texas, October 21, 1905.

"$1500.00.

"Received from B. G. Tartt $1500 and no hundredths dollars, earnest money, to close sale to him of lots 12, 13 and 14 (twelve, thirteen and fourteen), in block No. three hundred and twenty-two, in the City and County of Galveston, State of Texas, according to the map and plan of said City of Galveston by the Galveston City Company in common use, together with the improvements thereon situated, save and except the one-story frame building on the north portion of lots 13 and 14, in said block, and said building running parallel with alley; also the one-story frame building on the middle of lot No. 14 and now occupied by Charles F. Juneman, Jr., and used as a blacksmith's shop; also the frame building situated on lot No. 12, in said block, and now under construction by Deats & Crossley, at a total price of fifteen thousand ($15,000.00) dollars, terms of payment one-fourth cash, balance in said Tartt's three certain promissory purchase money vendor lien notes, due respectfully one, two and three years after their date, and all bearing interest at the rate of five per centum (5) from their date until paid, interest payable annually, and providing for 10 per centum additional on the aggregate of principal and interest of each of said notes as attorney's fees if placed in the hands of an attorney for collection, after maturity.

"Notes to be secured by vendor's lien and deed of trust. All papers and interest to date from date of delivery conveying good title. Title to be perfect or to be made perfect. In case of defect in title, which can not be cured within a reasonable time, then, upon application of buyer, this earnest money shall be refunded. Deed at expense of seller. Deed of trust and notes to be prepared by John Adriance & Sons, at expense of buyer. Abstract of title to said property to date of its making, at expense of seller. All back taxes, if any, to be paid by seller, and seller to pay pro rata of taxes of 1905 to date of delivery of deed, and buyer to pay taxes of 1905 from that date forward. This sale to be finally closed up, on or before within sixty days after delivery of abstract of title, or in default thereof this contract may thereupon be null and void and this earnest money may then be paid to the seller, which in such case is hereby agreed to be liquidated damages, or said seller may enforce specific performance of this contract in Galveston County, at his option. All money to be paid and papers to be delivered at Galveston, Texas, all rents to go to buyer from date of delivery of deed.

"John Adriance & Sons,
"Agent for owner.

"I hereby accept the foregoing contract of sale.
"B. G. Tartt."

Plaintiff alleged also that the terms of said contract of sale, as to deferred payments and security therefor, were usual and customary in the county where the land was situated, and that the said written contract of sale was subsequently ratified by the defendant.

In the alternative, plaintiff alleged that at the time of making and signing the said written contract and the payment by plaintiff of the earnest money, and contemporaneously therewith, it was mutually covenanted, agreed and promised by and between plaintiff and defendant's agents, that plaintiff would, upon defendant complying with the conditions precedent in said contract, pay the balance of thirteen thousand five hundred dollars ($13,500) of the purchase price for said property, either in cash or in the three certain promissory purchase money vendor lien notes described in said written contract, as the defendant by and through his agents might elect, choose and demand, but that said agreement of alternative cash payment in full was omitted from said contract as written by the mutual mistake and oversight of plaintiff and defendant's agents.

Defendant answered by demurrers, general and special, a general denial of all of the allegations contained in plaintiff's petition, except the allegation that the defendant was the owner of the land involved, a denial that there was at the time of making and signing the written contract any covenant or agreement between plaintiff and the alleged agents of defendant, that plaintiff would pay for the property described in the petition, either in cash or in the three notes, as defendant might elect, a denial that any such covenant, agreement or promise was omitted from the contract by mutual mistake or oversight on the part of the plaintiff, a denial that defendant ever ratified the written contract alleged in plaintiff's petition, and verified denial that John Adriance & Sons were authorized or empowered, as agents of said defendant, to make or enter into the agreement or contract of sale alleged in plaintiff's petition, and verified denial that the contract or agreement of sale, set out in plaintiff's petition, was made by defendant, or by his authority.

The trial in the court below without a jury resulted in judgment reforming the contract in accordance with the allegations of the petition and decreeing specific performance thereof.

The trial court filed the following findings of fact which we adopt as the findings of this court:

"I find that John Adriance & Sons, real estate agents at Galveston, successors of H. M. Trueheart & Co., were the agents for Chas. R. Bishop, the defendant, owner of lots 12, 13 and 14 in block 322, city of Galveston, and that after some correspondence between them about the best price that could be obtained for the property, Bishop by letter of October 11, 1905, named $20,000 as the lowest offer he would entertain, but asked for the opinion of the agents as to what price he should place on it. Adriance & Sons by their letter of October 16, 1905, replied that in their opinion the property would be well sold at $15,000, either cash or part cash and balance in six or seven percent interest bearing purchase money notes, secured by vendor's lien. That on the 17th of October, 1905, Adriance & Sons wired him, "Can probably sell the three lots Fourteen Thousand

dollars, if can obtain $15,000 would consider well sold.   Answer."
That on the 19th of October, 1905, Bishop replied by wire:   "Tele-
gram received; will accept $15,000 for three lots."   That pursuant
to authority so vested in them, Adriance & Sons agreed to sell the
property to the plaintiff for $15,000.    Believing, from Bishop's
previous letters, interest bearing notes would be acceptable to him
in part payment, and finding that the purchaser Tartt was unwilling
to give notes bearing six or seven percent interest, as they had
advised Bishop by their letter of the 16th of October could, they
thought, be obtained, the sale was made to Tartt for all cash or
at vendor's option one-fourth cash and balance in three equal notes
due at one, two and three years with five percent per annum in-
terest, secured by vendor's lien and deed of trust on the same prop-
erty.    That on the 21st of October, 1905, Adriance & Sons and
Tartt executed the contract of sale to carry out their verbal agree-
ment, but by inadvertence of Mr. C. D. Adriance, member of the
firm of Adriance & Sons, who wrote the earnest money receipt or
contract of sale, the stipulation *for all cash* or part cash and the
balance in vendor's lien notes, as expressed in the writing, at the
vendor's option, was omitted, and in that form the contract of sale
was  executed  by  both  parties  in  ignorance  of  such  omission
and by mutual mistake.    That Adriance & Sons in transmitting the
contract of sale to Bishop, on the same day it was made advised
him if he did not care for the five percent notes they could make
the sale all cash.    The terms "We can make the sale all cash" in
this letter were also used by mistake, the agreement itself being
for all cash, or cash and notes as expressed.    The true agreement
was as the contract of sale was reformed by the court and incorporated
in the decree.    The evidence that the true agreement was as found
by the court and that the omission in the writing was by mutual
mistake is so clear and explicit as to leave no doubt in the mind
of the court.    I find that the purchaser has repeatedly offered to
comply with the terms of his purchase, paying all cash or part cash
and notes, but in consequence of a disagreement between the defend-
ant and his agents about their commission he refused to recognize
the sale."

The first assignment of error and the proposition thereunder is
as follows:

"The  court  erred  in  overruling  defendant's  general  demurrer.
There being no allegation in plaintiff's petition showing that he was
injured, pecuniarily or otherwise, by the alleged refusal of defendant
to perform the contract alleged in plaintiff's petition and no allega-
tion in said petition, direct or otherwise, that plaintiff's remedy at
law by a suit for damages for breach of the alleged contract, was
not adequate and complete, plaintiff's petition failed to show any
right to the equitable remedy of specific performance of the alleged
contract."

This assignment can not be sustained.    It was not necessary in
order to entitle plaintiff to have specific performance of the con-
tract that he allege in his petition that his injury was such that
damages would not adequately compensate him therefor.    The rule

contended for has never been recognized in this State, but in cases of this kind one may sue for specific performance or for damages as he may elect.    Younger v. Welch, 22 Texas, 423; Kopplin v. Kopplin, 8 Texas Civ. App., 628; Day Land & Cattle Co. v. State, 68 Texas, 536.

We think the evidence sustains the finding of the trial court before set out, that by the contract of sale between appellee and the agent of appellant, appellee agreed to pay cash for the property or pay part cash and execute vendor's lien notes for the balance, as appellant might elect, and that the agreement to pay all cash was omitted from the written contract by mutual mistake of the parties. This conclusion disposes of the several assignments which complain of the judgment on the ground that the evidence was not sufficient to authorize the reformation of the contract.

The trial court further found that the appellant ratified the contract after it was sent to him by his agent.    We do not think this finding is sustained by the evidence, but the other facts · found entitled plaintiff to the judgment rendered in his favor, and therefore the additional finding was unnecessary and it is immaterial that it is not supported by the evidence.

We think the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*