## E. E. BATEMAN v. W. S. HIPP.

Decided June 19, 1908.

**1.—Counterclaim—Plea in Reconvention—Statute Construed.**

Under the provisions of article 755, Revised Statutes, concerning counterclaims, if the demand sought to be adjudicated by the defendant be necessarily connected with and incident to the suit brought by the plaintiff, it is a proper matter of cross-action, whether liquidated or unliquidated..

**2.—Same—Case Stated.**

In a suit to recover title and possession of a number of mules, it was permissible under our statute for the defendant to plead in reconvention for damages upon the ground that he was induced by the plaintiff to buy the mules from him by the promise of the plaintiff to let defendant a certain grading contract in which the mules could be profitably used, and that thereafter the plaintiff refused to allow defendant to perform the contract, and brought this suit for the possession of the mules. The fact that the suit was brought to recover possession of the specific property instead of for the value of the property, could not affect defendant's right to plead his damages in reconvention.

**3.—Pleading—Generality—Admission of Evidence—Practice.**

When a defendant takes no exception to a petition because not sufficiently specific in its allegations, and makes no objection to the admission of evidence under said allegations, he can not, on appeal, object to the charge of the court submitting the issue on the ground that it was not raised by the pleading.

**4.—Sequestration—Replevy—Value of Property.**

Where a number of mules have been seized under sequestration and replevied by the defendant, the verdict and judgment should show the value of each animal. In the absence of such showing no judgment can be rendered against the principal and sureties on the replevy bond.

**5.—Same—Liability of Sureties.**

The liability of sureties on a replevy bond begins from the date of the bond, hence they can not be held liable for the use or hire of the property prior to the date of the bond.

Appeal from the District Court of Leon County. Tried below before Hon. Gordon Boone.

*Wm. Watson* and *Joe H. Seale,* for appellant.—A plea in reconvention for unliquidated damages founded on a breach of covenant is available and may be pleaded as a setoff and counterclaim against a cause of action founded on a certain demand due by the defendant to the plaintiff, when such plea in reconvention for unliquidated damages is founded on a cause of action arising out of, or incident to, or connected with the plaintiff's cause of action. Sayles' Statutes, art. 755; Scalf v. Tompkins, 61 Texas, 477; Streeper v. Tompson, 23 S. W., 326; Sayles' Statutes, art. 750, 754, 755; Sanders v. Bridges, 67 Texas, 93; Gulf & B. V. Ry. Co. v. Barnett, 55 S. W., 986; Jefferson & N. W. R. R. Co. v. Dreeson, 43 Texas Civ. App., 282.

The verdict and judgment against persons who have replevied property should find the value of the several items of property replevied, as the obligors have the right to return the entire property or any portion thereof in satisfaction of the judgment, in whole or in part. Rev. Stats. 1895, art. 4877; Cook v. Halsell, 65 Texas, 1; Watts v. Overstreet, 78 Texas, 571; Herder v. Schwab Clothing Co. et al., 37 S. W., 784.

*B. D. Dashiell* and *N. C. Abbott,* for appellee.—In an action to recover specific personal property, reconvention for damages will not be sustained over objections, and the fact that a claim is made for wrongful detention of that property will not change the rule. Sayles' Statute, arts. 754, 1262; Santleben v. Froboese, 43 S. W., 571; Riddle v. McKinney, 67 Texas, 29; Wheat v. Ball, 68 S. W., 185; Baldwin v. Richardson, 87 S. W., 746; Linn v. Hagan's Admr., 92 S. W., 11.

NEILL, Associate Justice.—Hipp sued Bateman to recover six head of mules, alleged to be worth $1,050, and for the further sum of $150, the alleged value of their use or hire while possession was wrongfully withheld by defendant from plaintiff. The defendant answered by a general denial, and by a plea in reconvention for damages caused him by a breach of contract, hereinafter mentioned, made by plaintiff with defendant. which was, as plaintiff knew, the inducement and sole cause of defendant's agreement to purchase the mules from him.

When the suit was filed a writ of sequestration was sued out and levied upon the property sued for, which was replevied by defendant and returned to his possession by his giving a replevy bond conditioned as required by law. The case was tried before a jury and resulted in a judgment in favor of the plaintiff for the animals and for $100 for the value of their use and hire, and also against the defendant and the sureties on his replevin bond for the value and hire of the animals, aggregating the sum of $1,100.

*Opinion.*—The first assignment of error complains of the court's sustaining plaintiff's exception to defendant's plea in reconvention. In order that the ground upon which our ruling on this assignment is based, may be fully understood, we will state so much of the pleadings of either party as is necessary to that end.

The plaintiff, in his original petition, after describing and averring his ownership of the animals, alleged in substance: That on April 1, 1906, he delivered possession of the mules to defendant with the understanding that he was to use them on work for him (plaintiff) in constructing the roadbed of the H. & T. C. Railroad, and that defendant, about that time, without plaintiff's knowledge or consent, abandoned and quit such employment, and accepted employment from the contractors of the T. & B. V. Railroad; and, without plaintiff's consent, wrongfully took the mules from the work they were placed in his (defendant's) possession to do, and appropriated them to his own use and benefit in doing the work for the last mentioned railway company; and that, though plaintiff has demanded of him possession of the mules, defendant still unlawfully withholds the same to plaintiff's damage, etc. That the rental value of the mules is reasonably $3 per day.

In his plea in reconvention the defendant alleged in substance: That on March 19, 1906, he purchased from plaintiff the mules for the purpose of grading three miles of the roadbed of the H. & T. C. R. R. Co. on or below Sand Prairie in Madison County, which plaintiff, through his agent, had contracted with him and W. E. Powell to do; that at the time of the purchase he informed plaintiff that he would not buy the mules for he had no use for them, unless he and Powell were awarded the contract to grade and construct said three miles of railroad, and that plaintiff, through his said agent, then and there awarded the contract to him and Powell to do that specific work; that after thus awarding the contract to them to grade and construct the three miles of railroad, plaintiff awarded the contract to another party and refused to permit defendant to proceed with the grading and construction of the three miles of road under the contract made with him and Powell; that on March 31, 1906, Powell was relieved from all liability on the contract and assigned his interest therein to defendant; that had defendant been allowed by plaintiff to perform said contract, which defendant was at all times ready and willing to do, the reasonable profit he would have made thereon would have been the sum of $1,600, which amount he pleaded in reconvention as damages. In his prayer, however, he only asked for the sum of $600, with interest from August 1, 1906.

The exceptions interposed by plaintiff to defendant's plea in reconvention were: (1) That it constitutes no defense to plaintiff's cause of action; and (2) that it is insufficient in law to warrant a recovery in favor of defendant against the plaintiff. These exceptions were sustained, and, as has been seen, such action of the court is the basis of this assignment of error.

We are of the opinion that the assignment is well taken. The ruling of the court, in view of the pleadings of the parties, amounts to saying that a party may make a contract with another to do certain work which he knows can only be performed by the use of teams, and at the same time sell him the teams for the purpose of its performance, knowing that he would not buy them were it not in view of the contract they were purchased to carry out, and then take the contract from him by refusing to allow him to perform it, cancel the sale of the teams, sue and recover their possession, without allowing him to recover on the same action such damages as he sustained by reason of the plaintiff's

depriving him of the fruits of the very contract which constituted the sole inducement for the purchase. The mere statement of the effect of the court's ruling, is to show that it is erroneous. The demand of the defendant, as well as that of the plaintiff, arose from a breach of a contract. And, according to the allegations in defendant's plea, the cause of his not performing his contract was the breach by plaintiff of the agreement which induced the defendant to buy the mules. In fact, the contracts were so intimately blended and connected as to form one and the same transaction between the parties, and render it impossible for defendant's obligation not to be affected by the action of plaintiff in breaking his.

Under article 755, Revised Statutes of 1895, which provides that "nothing in the preceding article shall be so construed as to prohibit the defendant from pleading in setoff any counterclaim founded on a cause of action arising out of, or incident to or connected with plaintiff's cause of action," it is held if the demand sought to be adjudicated by the defendant was necessarily connected with and incident to the suit brought by plaintiff, it is a proper matter of cross-action whether liquidated or unliquidated. Walcott v. Hendrick, 6 Texas, 405; Sterrett v. City of Houston, 14 Texas, 153; Gulf, C. & S. F. Ry. v. Butler, 34 S. W., 756; Steiner v. Oliver, 107 S. W., 359. Had plaintiff elected to sue defendant for the purchase money and foreclosed his equitable lien, instead of suing for the specific property, the slightest doubt could not be entertained about defendant's right to plead in reconvention the damages he sustained by reason of plaintiff's not permitting him to carry out the contract for which the animals were purchased. We do not think this right can be defeated by plaintiff's having elected to sue for the property in kind, instead of for the contract price.

The second assignment complains of the following paragraph of the court's charge:

"If you believe from the preponderance of the evidence in this case that plaintiff sold the defendant the six mules in controversy in this case with the understanding and agreement and upon the condition that the said Bateman was to execute his note and mortgage for the purchase money, and that said mules were to be used by said Bateman in construction work on the roadbed of the Houston & Texas Railroad Company under process of construction by plaintiff, and that said mules were delivered to defendant under such conditions, and that said defendant did not comply with said conditions within a reasonable time; you are instructed that under such circumstances title to said mules did not pass out of, but remained in plaintiff Hipp, and you will return your verdict for the plaintiff for the mules in controversy, unless you shall find for the defendant under succeeding paragraph of this charge." The ground of complaint is that it is upon an issue not raised by the pleadings.

There are no allegations in plaintiff's pleadings that he delivered the mules in question to defendant upon the condition that he should execute him a note and mortgage for the purchase money. Ordinarily when one sues to rescind a contract of sale and recover the property for noncompliance by the vendee with its condition, the terms of the contract and the breach of its conditions by the defendant should be specifically

alleged, so as to apprise the defendant of the grounds upon which the action is based so that he may know what he has to defend against. In this case, while there were no such specific averments, the plaintiff did allege that he owned the mules and delivered defendant possession of them for a specific purpose which the latter refused to carry out, though retaining their possession. And inasmuch as no exception was taken to the petition, and evidence was introduced without objection on defendant's part upon the issues submitted by the charge, we are not prepared to say that defendant can be heard for the first time to make such objections on appeal by assigning the charge as error. This also disposes of the third and fourth assignments, which make the same complaint in regard to other paragraphs of the charge.

Inasmuch as defendant's plea in reconvention was stricken out on exceptions taken to it by plaintiff and the matters therein pleaded were not submitted to the jury, we deem it improper, in view of another trial, to review and discuss the evidence, as we would have to do in order to pass upon the sixth assignment of error, which complains that the verdict is contrary to the law and evidence.

Neither the verdict nor judgment shows the value of each of the several mules sued for, nor is there any evidence in the record as to the value of each animal. The rule is that where property is replevied, a judgment against the principal and sureties on the replevy bond must show the value of each separate article of the property replevied. Rev. Stats. of 1895, art. 477; Cook v. Halsell, 65 Texas, 1; Herder v. Schwab, 37 S. W., 784; Lewter v. Lindley, 81 S. W., 776; Cummings v. Masterson, 93 S. W., 503. Therefore the assignments of error which attack the judgment on this ground are sustained.

In view of another trial we deem it proper to say that the sureties on defendant's replevy bond can not be held liable for the value of the use or hire of the mules which accrued prior to the time the property was replevied; for their obligation is created by the bond and dates from its date.

On account of the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*