## DURAN v. LUCAS.

(Court of Civil Appeals of Texas. San Antonio. Feb. 21, 1912.)

LANDLORD AND TENANT (§ 223*)—ACTION FOR RENT—UNLIQUIDATED DAMAGES.

Under Rev. St. 1895, art. 755, permitting a defendant to set off a claim connected with the plaintiff's cause of action in a suit for rent, the tenant may set off a claim for unliquidated damages from the landlord's negligently permitting his cattle to injure the tenant's crop.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 885–893; Dec. Dig. § 223.*]

Appeal from Bee County Court; T. M. Cox, Judge.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Action by Cyrus B. Lucas against Santiago (James) Duran. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Chambliss & Baker, for appellant. Beasley & Beasley, for appellee.

MOURSUND, J. Appellee was the plaintiff below, and in his petition alleged that appellant had been his tenant of a farm during the year 1910, and under their rent contract was bound to pay appellee one-fourth of all cotton raised on the rented premises during that year; that he had failed to account to appellee for the one-fourth part of ten bales of cotton so raised, and had appropriated the same to his own use and benefit, to appellee's damage in the sum of $200, for which he sued.

Appellant answered by general demurrer, general denial, and by plea in reconvention, set-off, and counterclaim, in which he alleged that during said year 1910 he rented certain farms and lands from appellee under the usual rental contract, viz., appellee to receive as rental one-fourth of all cotton and one-third of all corn raised on the rented premises; that he planted about 46 acres of said land in corn, and that late in the spring of 1910, after he had completed all the work necessary to raise said crop of corn, and just as it was maturing, the appellee negligently and carelessly allowed and caused a large herd of appellee's cattle to enter the land on which such corn was growing, and destroy same; that it was the duty of appellee to protect this defendant in his peaceful rent hold of and for said land during the year 1910, and to prevent any and all classes of stock from trespassing on and destroying the crops; that said 46 acres of corn would have produced 20 bushels per acre had it not been for plaintiff's negligence in allowing his cattle to destroy it; that appellant's portion of said corn crop was of the reasonable market value of $350, and that appellee damaged him in said amount. He also made the following allegation: "That this suit is originally one for the collection of certain rents alleged by plaintiff to be due him by defendant for rent of some of the lands and farms of plaintiff's rented and cultivated by defendant for and during the year 1910, all of which has grown out of, is incident to, and connected with the rent of the 46 acres of land planted by defendant in corn and destroyed by plaintiff as hereinbefore alleged; that the entire transaction is one landlord and one tenant, lands of plaintiff cultivated by defendant, for and during the year 1910." He prayed for judgment for $350, and, in case the plaintiff was held entitled to recover anything against him, that same be credited on said $350 prayed for by him.

Plaintiff below filed a supplemental petition, in which he demurred generally to the cross-action, and prayed the court to have same dismissed for the reasons:

"(A) That plaintiff's cause of action is based upon a contract and his demand is certain and fixed, and that defendant's claim for damages is based upon a tort for uncertain damages, and plaintiff's claim cannot be offset with the alleged damages of the defendant.

"(B) That, even though plaintiff's claim be determined to be an unliquidated demand for uncertain damages, his right is based upon a contract, and cannot be offset with defendant's claim for uncertain damages, which are founded upon a tort.

"(C) That plaintiff's claim and defendant's claim arose out of two entirely distinct and separate transactions and are in no way connected with each other, so as to come under the provision of the statute allowing defendant to offset his claim for damages against the claim of plaintiff."

The court sustained the demurrer, and dismissed the defendant's cross-action, and upon trial before the court judgment was rendered for plaintiff for $159.97, and defendant appealed the case to this court.

Appellant's first assignment of error questions the correctness of the ruling of the trial court in sustaining the general demurrer to the cross-action and dismissing the same. In a general way the appellant alleges in his cross-action that all lands rented by appellant from appellee were rented under one contract. Appellant owed appellee the duty of paying his rents as stipulated in the contract, and upon failing to do so, and appropriating the rent portion of the crops to his own use and benefit, is liable to appellee for the same. On the other hand, appellant owed appellee the duty of not interfering with his quiet enjoyment of the leased premises. 1 Tiffany on Landlord and Tenant, p. 519. In Rawle on Covenants for Title, § 274, the following language is used: "In the absence of words of leasing, as for instance where the lease is by parol, it is well settled that the law will imply a covenant for quiet enjoyment from the mere relation of landlord and tenant."

In this case appellee sues appellant upon a liability arising by virtue of his failure to turn over and deliver to appellee the rental portions due under their rent contract. Appellant seeks to offset unliquidated damages arising out of a tort committed by appellee amounting to a breach of his duties to appellant, which duties exist by virtue of the same contract. The case of Steiner v. Oliver, 107 S. W. 359, appears to have been a similar case. In that case the suit was upon a note and for foreclosure of a lien on personal property, and the defendant pleaded in reconvention for damages suffered by reason of acts of negligence on the part of plaintiff in causing appellee's crop to be overflowed growing on premises rented from plaintiff. The court reached the conclusion

that there was such an association and connection between the two claims as would justify, the trial court in settling both in the same suit. The opinion does not show that the note sued on was given for rent, but we infer that it was, otherwise we fail to see the connection between the causes of action. We think appellant's cross-action was sufficiently connected with appellee's cause of action to require its settlement in the same suit, and sustain the assignment of error. Rev. St. 1895, art. 755; Steiner v. Oliver, 107 S. W. 359; Bateman v. Hipp, 51 Tex. Civ. App. 405, 111 S. W. 971; Hamilton v. Dismukes, 53 Tex. Civ. App. 129, 115 S. W. 1183.

Appellant's second assignment of error complains of the failure of the court to grant his motion to instruct a verdict in his favor, and his third assignment complains of the overruling of his motion for a new trial, based upon the insufficiency of the evidence. As the case will be reversed and remanded, it is unnecessary to pass upon these assignments, and would require a discussion of the evidence.

Cause reversed and remanded for a new trial.