**ALFORD et al. v. THOMAS.    (No. 9721.)**

(Court of Civil Appeals of Texas. Fort Worth. Jan. 28, 1922. Rehearing Denied March, 1922.)

1. **Landlord and tenant** ⬤⟫130(1)—**Lease contains implied covenant of quiet enjoyment.**

A covenant of quiet enjoyment is implied from the words "agree to let" or the words "grant and demise," and the rule is broadly stated that a lease contains of necessity an implied covenant for quiet enjoyment.

2. **Set-off and counterclaim** ⬤⟫29(2)—**Interference with tenant's possession under lease ground for counterclaim in action on note for rent.**

Where a landlord or her agent by threats to kill disturbed tenants in their right to quiet and peaceable enjoyment of their lease, and caused losses to the tenants, in an action by the landlord on a rent note, a counterclaim arose "out of" or was "incident to" or was "connected with" plaintiff's action, and was authorized by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1325, 1329, 1330.

3. **Principal and agent** ⬤⟫150(2) — **Principal responsible for acts of agent within scope of duties.**

Where an agent was placed in possession of premises as general manager, and proceeded to act as such, and the acts performed by the agent purported to be in the principal's interest and for his benefit, the fact that acts and conduct charged to him were not within the general scope of the duties of an agent will not relieve the principal from responsibility.

4. **Principal and agent** ⬤⟫22(2)—**Declarations of agent as to authority admissible where followed by other evidence.**

While declarations of an agent that he was acting as such are not sufficient to establish agency, yet such declarations are admissible to show the declarant purported to act as agent,

and it must then be further shown by competent testimony that he had authority to act as agent.

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by Mrs. H. A. Thomas against J. T. Alford and another. From judgment for plaintiff, defendants appeal. Reversed and remanded.

J. E. Warren and J. K. Russell, both of Cleburne, for appellants.

Walker & Baker, of Cleburne, and Capps, Cantry, Hanger & Short, of Fort Worth, for appellee.

CONNER, C. J. The appellee, Mrs. H. A. Thomas, filed this suit in the district court of Johnson county on the 31st day of December, 1919, against the appellants, J. T. Alford and S. P. Ramsey, on a note executed by the latter persons on the 23d day of September, 1916, in the sum of $700, and payable to the order of Otho S. Houston on December 15, 1919. The plaintiff alleged that the note had been given by the defendants in payment of the rent on the Klondike ranch, located in Johnson county, Tex., for the year 1919. There were other allegations in the plaintiff's petition relating to the issuance of service of a distress warrant which are not deemed material to the present disposal of the case, and which, therefore, are omitted.

The appellants, Alford and Ramsey, filed an original answer containing a general denial and a plea in reconvention, in substance to the effect that in 1913 they had leased the Klondike ranch, consisting of some 800 acres of land, together with the buildings thereon, from Otho Houston, by virtue of which the defendants were entitled to quiet possession and occupancy of the premises, to have as their own such hay, pecans, and cultivated crops as might grow thereon, and that in 1916 a renewal rental contract was made with the said Houston for the succeeding three years; that it was upon the renewal occasion that the note declared upon by the plaintiff, together with two other notes of like amount, for the rental of 1917 and 1918, had been executed; that later, in March, 1919, Mrs. Otho Houston, Otho Houston having died in the meantime, sold the ranch to the plaintiff, Mrs. H. A. Thomas, who, in the transaction then occurring, also acquired by assignment the note declared upon; that the defendant J. T. Alford, for himself and Ramsey, attorned to the plaintiff as her tenants under a contract which, with certain specified modifications, left the defendants with the same rights as had been conferred upon them by the lease from Otho Houston; that defendant Alford was in the actual possession and management of said ranch, both for

himself and defendant Ramsey, who was jointly interested with him; that the plaintiff, Mrs. Thomas, soon after her acquisition of the ranch and the notes sued upon, placed her son-in-law, one Webster Bradt, in possession of one of the houses upon said ranch which had been reserved by Mrs. Thomas, as her agent and manager; that said agent immediately began complaints against the defendant Alford, charging him with theft of certain personal property, and later made threats of personal violence for such time and under such circumstances as that the defendant Alford became alarmed for the safety of himself and family, and, being actuated by the fear that Bradt would carry out his threats to kill him, the said Alford abandoned the said premises. The defendants further alleged that, at the time of such forced and unwilling abandonment, they had certain crops of corn and cotton and were entitled to certain crops of pecans which the said Bradt, as agent of the plaintiff, refused to permit them to save and gather. The several quantities of corn, cotton, pecans, hay, etc., so alleged to have been lost were specified in the plea, and the values thereof were also specified; but we deem it unnecessary to particularize in these respects. The defendants, however, claimed damages on account thereof in the aggregate amount of several thousand dollars.

The plea in reconvention was replete with averments of Bradt's agency for the plaintiff, and further specifically averred that plaintiff, with full knowledge of Bradt's unauthorized acts and threats, ratified what he had done in the premises.

The plaintiff, by supplemental petition, among other things presented a general demurrer to the answer of the defendants, and some 20 special exceptions to the defendants' plea on reconvention.

The court overruled the general demurrer, but sustained exceptions 1 to 20, inclusive, and, the defendants having declined to further amend their plea, the case proceeded to trial, with the result of a judgment in plaintiff's favor for the amount of the note, principal, interest, and attorneys' fees declared upon, and the defendants have appealed.

The defendants excepted to the action of the court in sustaining the plaintiff's said special exceptions, and the assignments of error here presented relate alone to that action of the court. The special exceptions are numerous, and many of them are also quite extended, and we think it would be altogether impractical to take up each exception and undertake to answer it. We will therefore endeavor to dispose of the court's rulings in a general way.

[1, 2] The question most material, we think, presented by the exceptions to the defendant's counterclaim is indicated by appellee's first counter proposition in support of the court's ruling, which reads as follows:

"Appellee's cause of action as set out in her petition, filed herein, was based on a promissory note signed and executed by the appellants, J. T. Alford and S. P. Ramsey, and therefore constituted a liquidated demand, the correctness of which and their obligation to pay the same not being questioned or contested by the appellants. The plea in reconvention of the appellants did not arise out of the cause of action set up in plaintiff's petition, but grew out of a personal difficulty arising between the appellant J. T. Alford and Webster Bradt, another tenant of the appellee, living on the Klondike ranch. Such a cause of action as that attempted to be set up by the defendants constituted an unliquidated demand, which did not arise out of and was not connected with or incident to plaintiff's cause of action, and the court properly sustained plaintiff's special exception to such plea in reconvention and counterclaim, and struck the same out of defendants' answer."

Articles 1325, 1329, and 1330, V. S. Tex. Civ. Statutes, relating to the subject of counterclaims, read as follows:

Article 1325: "Whenever any suit shall be brought for the recovery of any debt due by judgment, bond, bill or otherwise, the defendant shall be permitted to plea therein any counterclaim which he may have against the plaintiff, subject to such limitations as may be prescribed by law."

Article 1329: "If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff; and, if the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff."

Article 1330: "Nothing in the preceding article shall be so construed as to prohibit the defendant from pleading in set-off any counterclaim founded on a cause of action arising out of, or incident to, or connected with, the plaintiff's cause of action." ·

We are of the opinion that appellants, by their pleading, showed themselves, within the purview of the articles quoted, entitled to the relief they prayed for. In testing the sufficiency of the answer on demurrer, the allegations must be accepted as true, and, if true, the defendants, by article 1325, were plainly given the right to plead their damages by way of a counterclaim to a cause of action declared upon by plaintiff, unless limited by some prescribed law. It is true article 1329 declares that, if the suit be founded on a certain demand, as was the appellee's in the present case, then the defendant shall not be permitted to set off unliquidated or uncertain damages founded upon a tort or breach of covenant on the part of the plaintiff. But the general terms of this article, as declared by article 1330, are not to be so construed as to prohibit the defendant from pleading in set-off any counterclaim founded on the cause of action arising out

of, or incident to, or connected with plaintiff's cause of action. So that we have only to determine whether or not the defendants' cause of action as presented in their counterclaim arises "out of" or is "incident to" or is "connected with" the plaintiff's cause of action.

It clearly appears by the allegations of the plea in reconvention that appellants Alford and Ramsey became the tenants of the plaintiff, Mrs. Thomas, for the year 1919, and as such they were entitled to the quiet and peaceable possession of the premises. There was an implied covenant to that effect on the part of the appellee. It is said in 24 Cyc. p. 1057, par. 2, that:

"The general rule is that the use of the word 'lease' or 'demise' in an instrument of lease imports a covenant for quiet enjoyment. So it has been held that a covenant for quiet enjoyment is implied from the words 'agrees to let' or the words 'grant and demise.' And the rule is sometimes broadly stated that a lease contains of necessity an implied covenant for quiet enjoyment."

In 7 R. C. L. p. 1146, par. 59, it is said:

"Though a lease may not contain an express covenant for the quiet possession and enjoyment of demised premises during the term thereof, the law always implies such a covenant."

See, also, Scott v. Waggoner, 48 Mont. 536, 139 Pac. 454, L. R. A. 1916C, 491; Steiner v. Oliver (Tex. Civ. App.) 107 S. W. 359; Hurst v. Benson, 27 Tex. Civ. App. 227, 65 S. W. 76.

The quotations and citations made fairly express the great weight of authority on the subject, and if, therefore, it be true, as the appellants alleged, that the plaintiff or her authorized agent, by threats to kill and in the other ways alleged in the plea, disturbed Alford and Ramsey in their rights to quiet and peaceable enjoyment of the premises, and thus proximately caused the losses of which appellants complain, then their cause of action seems certainly to arise "out of" or be "incident to" or "connected with" the cause of action declared upon by the appellee.

The case of Scott v. Waggoner, 48 Mont. 536, 139 Pac. 454, by the Supreme Court of Montana, was one where a landlord sued for a breach of a hotel lease, and on a bond securing the performance of the same. It appears that in that state they had a statute which permitted a defendant to plead "a cause of action arising out of the contract or transaction, set forth in the complaint, as the foundation of the plaintiff's claim or connected with the subject of the action," and it was held that a cause of action in tort by the tenant against the plaintiff for conversion of certain personal property which the lessee placed on the premises "arose out of the same transaction, and was available as a counterclaim."

In Steiner v. Oliver, 107 S. W. 359, by the Court of Civil Appeals of the Third District, it was held that, in an action on a note, and to foreclose a lien on personalty, defendant might plead in reconvention a claim for unliquidated damages for negligent injury to crops growing on premises rented from plaintiff where the two claims are sufficiently associated. See, also, Hurst v. Benson, 27 Tex. Civ. App. 227, 65 S. W. 76.

That the defendants, as alleged, have a cause of action cannot be denied. In 16 R. C. L. p. 675, §162, it is said:

"A tenant may maintain the ordinary actions for the wrongful disturbance of his possession by his landlord. Thus, where a landlord wrongfully intrudes upon the tenant's right to the exclusive possession of the premises, an action of trespass will lie against him as against any other wrongdoer. So where a landlord wrongfully intrudes upon his tenant, and takes possession of the personal property on the premises, this will ordinarily render him liable in trover for a conversion, and where he wrongfully intrudes and places another tenant in possession of the premises and the effects of the former tenant he will be held liable for a conversion of such effects though he does not personally interfere with them."

We are of the opinion, therefore, that the court erred in sustaining the plaintiff's exceptions to the defendants' plea in reconvention, based on the grounds indicated by appellee's counter proposition No. 1, hereinabove quoted.

[3] The remaining objections indicated by the exceptions we think may be disposed of very briefly. A reading of the answer leaves no room for the contention that the claims set up in the plea in reconvention are wholly personal to the defendant Alford, and therefore cannot be offset against a joint demand declared upon by the plaintiff. The plea by its allegations very clearly makes Ramsey jointly interested with Alford, not only in the possession of the premises, but also in the crops and subject-matter; the fact that Alford alone signed the modified agreement with Mrs. Thomas, and that he alone was in possession, does not alter the case, nor do we think the plea in reconvention is lacking in sufficient allegations showing the agency of Bradt. The plea is replete with averments that he was the agent of the plaintiff, Mrs. Thomas, that he was placed in possession of part of the premises as her general manager, that he proceeded to act as such, and that what he did purported to be in her interest and for her benefit, and the fact that the acts and conduct charged to him were not within the general scope of the duties of an agent will not relieve the plaintiff from responsibility for his acts. Indeed, he may have acted contrary to the plaintiff's specific instructions, yet, if he acted in her interest, and in the promotion of her business as com-

mitted to him, plaintiff's responsibility for the results is the same.

Moreover, the plea is replete with allegations of ratification of the acts and conduct of Bradt after having been fully informed of the same. This, too, is sufficient to show plaintiff's liability. Notwithstanding, such acts and conduct may be beyond the authority committed to him.

Objection was made to certain allegations to the effect that, at the time the plaintiff purchased the ranch, and the instrument signed by her and by Alford, on March 25, 1919, which we have referred to as merely modifying the original lease, it was understood that Alford and Ramsey's possession and rights should otherwise be the same as specified in the lease with Houston. It is insisted that the instrument executed by the plaintiff and Alford on March 25, 1919, superseded the Houston lease, and that parol agreement of the understanding embodying the terms of the Houston lease would be inadmissible as an attempt to contradict and vary the terms of the written agreement between plaintiff and Alford. We think there is no reasonable foundation for such a contention. The written instrument executed by Alford and Mrs. Thomas at the time of her acquisition of the ranch is made an exhibit in the pleadings, and has been considered. It is manifest from its reading that it but modified the lease from Houston, under which the defendants were occupying the premises. Plaintiff could not deprive Houston's lessees of the rights acquired by them. She could only make such terms as with them could be agreed upon, and the terms indicated by the writing were merely to the effect that Mrs. Thomas was given the right of possession to one of the houses, some fountains and lakes situated on the premises, and the right to pasture two cows, rights which theretofore had been acquired from Houston by the defendants. The rights of defendants as then existing were not otherwise restricted by the agreement of March 25, 1919.

[4] Nor do we think the answer objectionable in that it alleges that Bradt declared himself to be the agent. While agency may not be established by declarations alone, no cases are cited to the effect that such declarations may not be given for the purpose of showing that he purported to act as such. It then, of course, must be further shown by competent testimony that he had the authority to act as agent.

There is possibly a show of reason in the criticism that the plea in reconvention fails to sufficiently specify the threats and acts of Webster Bradt which caused the defendant Alford to abandon the premises, but otherwise we find nothing in the numerous exceptions as presented in the plaintiff's supplemental petition, all of which have been considered, which can be reasonably said to have been well taken, and we accordingly think the court erred in overruling each and all of them, and for which error it is ordered that the judgment be reversed, and the cause remanded.

Reversed and remanded.