**FORT TERRETT RANCH CO. et al. v. BELL.**

(No. 6829.)

(Court of Civil Appeals of Texas. Austin.
April 29, 1925. Rehearing Denied
June 24, 1925.)

1. **Corporations ⚖➔432(12)—Evidence held to show parties acting together for undisclosed corporation in making lease.**

In action by lessee against nominal lessor, his undisclosed corporation principal, and a third person for breach of the lease by lease to another, evidence *held* to support finding that third person, who executed latter lease, and nominal lessor in original lease, were acting together for corporation, making it party to second lease.

2. **Landlord and tenant ⚖➔130(1)—Covenant for quiet enjoyment implied.**

Covenant for quiet enjoyment will be implied from terms of lease itself.

3. **Landlord and tenant ⚖➔130(2)—Lease to another during rental period breach of covenant for quiet enjoyment.**

Lease by landlord to third party during rental period, under which latter evicts or trespasses upon tenant, is breach of implied covenant for quiet enjoyment.

4. **Principal and agent ⚖➔145(4)—Lessee cannot hold both principal and agent, though agency undisclosed.**

In action by lessee against principal lessor and his agent for breach of lease executed by agent without disclosing his agency, it was error to hold both defendants liable, and lessee should have been required to elect.

On Motion for Rehearing.

5. **Appeal and error ⚖➔223—Judgment against both agent and undisclosed principal cannot stand, though election not sought below.**

Where, in action for breach of lease executed by agent without disclosing agency, trial court's findings show on their face that judgment was rendered against both principal and agent, such judgment will not be allowed to stand, though objection was not urged nor effort made to require election in trial court.

6. **Appeal and error ⚖➔1173(1)—Plaintiff may elect in appellate court whether to hold agent or undisclosed principal.**

Where, in action for breach of lease executed by agent without disclosing agency, judgment was entered against both principal and agent, which was erroneous, plaintiff will be allowed in appellate court to elect whom he will hold, since he has not heretofore been called upon to elect, and since Rev. St. art. 1626, gives appellate court authority to render judgment court below should have rendered.

Appeal from District Court, Tom Green County; C. E. Dubois, Judge.

Suit by W. A. Bell against the Fort Terrett Ranch Company and others. Judgment for plaintiff, and defendants appeal. Judgment

affirmed in part, and in part reversed and dismissed.

W. Van Sickle, of Alpine, and F. G. Morris, of El Paso, for appellants.

Collins & Jackson, of San Angelo, for appellee.

McCLENDON, C. J. W. A. Bell, the appellee, brought this suit against Fort Terrett Ranch Company, a ·corporation, and J. T. Evans, appellants, and J. M. West, alleging that he leased from the three defendants named a ranch in Crockett county for the term beginning December 1, 1918, and ending May 1, 1919, at $350 per month, payable in advance; that he had paid all the rentals, but that on or about March 1, 1919, in violation of their contract, defendants leased all or nearly all the ranch to one Maple Wilson, who took possession thereof, to appellee's damage in the sum of $2,000.

The case was tried to the court, and judgment was rendered in favor of West, but against the ranch company and Evans for $1,250, besides interest and costs. The appeal is from this judgment by the ranch company and Evans alone.

Appellants urge four assignments, alleging error in the following particulars: (1, 2) In the fourth finding of fact that Evans and the ranch company leased to Wilson, thereby committing a trespass, because (1) not supported by the evidence, and (2) in conflict with the second finding of fact, supported by evidence, that West leased to Wilson; (3) in rendering judgment against the ranch company and Evans for the trespass of Wilson for the same reason asserted in assignments 1 and 2; (4) in rendering judgment against the ranch company and Evans for the trespass of Wilson, because the court found that Bell was in possession under a lease in the name of Evans, but in fact for the ranch company, and there was no evidence that the lease to Wilson made in the name of West was by authority of the ranch company or Evans.

It will be noted that all of these assignments are predicated upon the alleged insufficiency of the evidence and of the findings themselves to connect appellants with the lease from West to Wilson. We will state so much of the findings and conclusions of the trial court as have bearing upon the issues presented.

"I find as follows:

"First. That J. T. Evans, acting for the Fort Terrett Ranch Company, a corporation duly incorporated, but without so advising the plaintiff, W. A. Bell, leased the latter a 40-section pasture known as the J. Montague pasture, located in Crockett county, Tex., from December 1, 1918, to May 1, 1919, the contract and memorandum evidencing such agreement reading as follows:

" 'San Angelo, Texas, Dec. 9, 1918.

" 'State of Texas, County of Tom Green.

" 'This memorandum of contract between J. T. Evans, of ——— county, Texas, and W. A. Bell, of Schleicher county, witnesseth:

" 'Bell is leasing from Evans the pasture known as the Jay Montague pastures from December 1, 1918, to May 1, 1919, for a consideration of $350 per month, payable in advance, receipt of payment due December 1, 1918, is hereby acknowledged by J. T. Evans.

" 'Bell is to keep up fences, mills, etc., but not to pay for repairs or parts, and not put over 600 cattle in pasture.
" 'W. A. Bell.'

"Second. That prior to March 1, 1919, J. M. West, without consulting with or the consent of W. A. Bell, leased the same ranch which Evans had leased Bell to one Maple Wilson for a term of months commencing March 1, 1919, and that on the day and date last mentioned the said Maple Wilson went into possession of the 40-section ranch in question, placing some 4,000 sheep thereon, and continued to use and occupy the same during the two months remaining of the Bell lease under Evans without Bell's consent or acquiescence, and over his protest to Evans from whom he had acquired the leased premises."

"Fourth. I find that in leasing the lands to Maple Wilson, and in permitting him to take possession thereof and interfere with the plaintiff's right of use and occupancy, that the defendants, J. T. Evans and Fort Terrett Ranch Company were guilty of a trespass which resulted in the eviction and dispossession of the plaintiff, and in the loss to him, not only of what would have been the ordinary use of the grass on the 40 sections in question, but of the use of such grass after the ranch had been rested for some two and a half months and the grass permitted to grow and mature for early spring pasturage."

"Sixth. That J. T. Evans in leasing the lands acted for the Fort Terrett Ranch Company, but became personally liable for the performance of the agreement in view of the fact that he did not disclose his agency to the plaintiff, but contracted with reference to the lands as if he were the legal owner thereof.

"Conclusions of Law: I conclude, therefore, that as a matter of law the plaintiff was illegally evicted from the leased premises, and that as the direct and proximate result of such eviction he was actually damaged in the sum of $1,250 as of the date his lease expired, and that he should have judgment therefor against the defendants J. T. Evans and Fort Terrett Ranch Company, jointly and severally.

"I find, however, that the defendant J. M. West took no part in the leasing of the lands to the plaintiff by his codefendant Evans, and conclude as a matter of law he is not responsible for any of the defaults here found, and conclude that judgment should be entered in his behalf."

While in the fourth finding of fact the trial court refers to the leasing to Wilson as a trespass, it is clear from his holding that West, who actually participated in that lease, was not liable, because he was not a party to the lease to Bell; that the trial court's judgment is predicated upon breach of the lease contract, and not upon a trespass sounding in tort. And this is the only theory upon which a judgment could be sustained, since plaintiff's petition alleges the leasing to Wilson "in violation of their contract to him" and the damages flowing thereform as his cause of action against defendants.

[1] The facts show, without dispute, the lease to Bell in the name of Evans as set forth in the trial court's findings. Evans testified that "Mr. Bell had that pasture leased from the Fort Terrett Ranch Company," and that certain rental checks in his favor were for the company. On February 22, 1922, Evans wrote Bell as follows:

"Mr. West, my partner, has leased the Montague Ranch for six months, beginning March 1st. Now, if it will not injure you in any way, would like you could turn it over to this party by this time.

"Mr. West didn't seem to know the trade I made with you, or else he would not have leased it that soon."

On March 9, 1919, he wrote again:

"Your letter of late date to hand and I note what you state in regard to the party that has moved in on you. Now, Mr. Bell, Mr. West, my partner, did this thinking you had it leased only by the month, and that the lease could be canceled at the end of the month. We are willing to do the right thing, and if the party persists on holding Mr. West to his contract, I am willing to give you free use of the pasture until your lease expires, and think this offer should be enough. I have written Mr. West in regard to this matter and instructed him to take the matter up with you and the other party interested, and I feel sure things will be adjusted agreeably to all parties.

"Trusting you will look at this matter in a business and reasonable way, I am, etc."

None of this evidence was objected to by the ranch company, and, in the absence of some evidence to the contrary, which, if it existed, was necessarily in possession of that company, we think it was sufficient to support a finding that Evans and West were acting together for the corporation, and the latter was a party to the lease to Wilson.

[2] While the lease to Bell contained no express covenant for quiet enjoyment, such covenant was imported from the terms of the lease itself. See Alford v. Thomas (Tex. Civ. App.) 238 S. W. 270, and authorities there cited.

[3] A lease by the landlord to a third party during the rental period, under which the latter evicts or commits a trespass upon the tenant, is clearly a breach of the implied covenant for quiet enjoyment.

"The acts of a third person may constitute an eviction, if the landlord authorizes them or consents thereto, either expressly or by implication, or fails in a duty incumbent on him to protect his tenant from them or from their consequences." 36 C. J. p. 270, § 1001.

[4] On the face of the trial court's findings and conclusions, however, it affirmatively

appears that the lease to Bell was made by Evans in his own name, and that he was acting for his undisclosed principal, the ranch company; that the latter was held liable as the real party to the lease; and Evans was held liable also because he did not disclose to Bell that he was acting as agent for the ranch company. This was error. Bell could hold either under the circumstances, but he could not hold both, and he was put to his election as to which he would hold. Heffron v. Pollard, 73 Tex. 100, 11 S. W. 166, 15 Am. St. Rep. 764.

Quoting the language of Judge Gaines in that case:

"If the principal be not disclosed it is universally conceded as to nonnegotiable contracts not under seal that parol evidence is admissible to show the principal and to hold him liable upon a contract made in the name of the agent for his benefit. This may seem to be an exception to the rule that parol evidence is not admissible to vary the terms of a written contract, but it is not so held. It is said not to vary the terms of the contract, but to bring in a new party whom the law holds bound by it by reason of his relation to the party in whose name it is executed for his benefit. In such a case the principal may either sue or be sued. But a plaintiff cannot sue both; he must make his election."

We are not called upon at this time to determine whether this election can be made originally in this court.

For the error in rendering judgment against both Evans and the ranch company, the trial court's judgment is reversed, and the cause remanded to that court for a new trial.

Reversed and remanded.

## On Motion for Rehearing.

[5] Appellee, in a motion for rehearing, contends, that we were in error in reversing the trial court's judgment upon the holding that the findings of that court show on their face that appellee is not entitled to judgment against both appellants. While correctness of the general principle announced in the opinion is conceded, it is contended that the error was waived by not being complained of in the trial court or specifically urged in appellants' brief. We have examined the authorities cited, and have reached the conclusion that they do not support appellee's contention. It is well settled that a party may set up inconsistent remedies and causes of action and have tried in one proceeding his right to recover on either remedy or cause of action. It is also well settled that objection that the suit improperly joins parties or causes of action must be urged in the trial

court. The question at issue here, however, is not whether there has been an improper joinder of parties or causes of action, or whether the right to litigate inconsistent causes of action or pursue inconsistent remedies is permissible. We have before us a judgment against two parties from which they have both appealed, insisting that the trial court committed error in rendering judgment against either. The trial court's findings on their face show that no proper judgment could have been rendered against both. The agent was liable because he made the contract in his own name and did not disclose his agency; and appellee had the right to view the contract as it was made to appear to him at the time he made it. If he saw fit to so treat it, the contract became one of the agent alone, and no rights whatever existed against the principal. On the other hand, appellant had the right, when he discovered the agency, to give to the contract the effect which the agent intended and to hold the true principal. In the latter event the agent would not be bound. The right to hold both, however, did not exist, and recovery against either necessarily destroyed the right to recover against the other.

[6] In the alternative appellee prays that he be now allowed to elect to hold appellant Evans and dismiss as to the ranch company. We think it clear that this right should be accorded, for two reasons: In the first place, the record shows that appellee is entitled to judgment against either appellant he may choose to hold, and, not having been heretofore called upon to make his election, he should be permitted to do so now. In the second place, this court has express authority, under R. S. art. 1626, to render such judgment as the court below should have rendered, and an affirmance of the judgment as to Evans upon voluntary dismissal of the ranch company heals the record of any error real or apparent.

The judgment heretofore rendered reversing the trial court's judgment as to appellant Evans is set aside, and as to said appellant that judgment is affirmed. As to appellant ranch company the trial court's judgment is reversed and the cause dismissed upon motion of appellee.

In view of the fact that the ground upon which the judgment as to the ranch company is reversed was not urged in the court below or in this court, all costs, both of the trial court and of the appeal, are assessed generally against both appellants and their sureties.

Motion granted in part; judgment affirmed in part, and in part reversed and dismissed.