CHARNLEY v. SIBLEY et al.

(Circuit Court of Appeals, Seventh Circuit. May 4, 1896.)

No. 284.

1. SET-OFF—FOLLOWING STATE LAWS.
    The right of set-off, except as it is enforced in equity, is a matter of local legislation; and the federal courts, sitting in any state, when dealing with the subject, will follow the rules established by the tribunals of the state.

2. SAME—INSOLVENT OR NONRESIDENT PLAINTIFF.
    Where the state statute of set-off, as in Illinois, does not authorize a set-off, in action on contract, of unliquidated damages arising out of con-

tracts or torts, not connected with the subject-matter of the suit, there can be no set-off, in an action at law, of such damages, even as against an insolvent or nonresident plaintiff.

3. SAME—INCONSISTENT DEMANDS.

It is no objection to a set-off, claimed by a defendant, that it is inconsistent with another set-off, previously claimed by him, and rejected as improper.

4. DAMAGES—UNLIQUIDATED.

Where it is alleged that one party has agreed to ship to another, as his broker, all the goods made by him, and to pay the broker a certain rate of commission on the sale thereof, a claim by the broker of a breach of the contract, in failing to ship to him a part of such goods, is a claim for unliquidated damages.

5. SAME—ACCOUNT STATED.

The rule whereby a merchant's account, which has been presented, and not objected to, is treated as an account stated, does not apply to a distinct and independent claim for damages for breach of contract.

In Error to the Circuit Court of the United States for the Northern District of Illinois, Northern Division.

E. A. Otis, for plaintiff in error.

Hamline, Scott & Lord and George W. Weadock, for defendants in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The defendants in error, Hiram W. Sibley and Isaac Bearenger, co-partners under the firm name of Sibley & Bearenger, sued the plaintiff in error, James Charnley, in an action of assumpsit upon the common counts for the proceeds of a cargo of lumber consigned by the former to the latter in 1877 to be sold on commission. The defendant pleaded the general issue with notice of set-off, to the effect that the defendant, being a broker for the sale of lumber in Chicago, in April, 1888, entered into a contract with the plaintiffs, who were the owners, manufacturers, and shippers of lumber at East Saginaw, Mich., to act as their broker in the city of Chicago for the sale of all lumber manufactured by them for the season of 1888 to the amount of 40,000,000 feet, which they agreed to ship to him to be sold on their account for a commission of one and one-fourth per cent. of the gross amount for which the lumber should be sold; that he was ready and willing to perform and did perform the contract on his part, but that they, though often requested, did not, and would not during the season of 1888 consign or ship to him of the entire quantity stipulated, all of which he was prepared and ready to sell, more than 1,892,982 feet, by reason whereof, having given up other business and employment as a broker for the sale of lumber in Chicago, he sustained loss and damage to the amount of $5,716.05, which, when set off against the demand of the plaintiffs, left a balance due him of $1,345.76, for which he prayed judgment. This claim of set-off, it is conceded, did not grow out of or have any connection with the transaction upon which the demand of the plaintiffs was founded. Evidence offered in support thereof was excluded, and thereupon the defendant was permitted to file an additional notice of set-off, accompanied with a

bill of particulars; and the evidence offered in support of items in that bill to the amount of $98.19 was also excluded. Error is assigned upon each of these rulings.

The right of set-off, except as it is enforced in equity, is a matter of local legislation, and the federal courts, sitting in any state, when dealing with the subject, will follow the rules established by the tribunals of the state. Partridge v. Insurance Co., 15 Wall. 573; Dushane v. Benedict, 120 U. S. 630, 7 Sup. Ct. 696. Under the Illinois statute (Rev. St. c. 110, § 29) which authorizes a set-off, in any action upon contract, of claims or demands against the plaintiff in the action, the rule has been declared by the supreme court of the state that "unliquidated damages, arising out of covenants, contracts, or torts, not connected with the subject-matter of the suit, do not constitute the subject-matter of a set-off." De Forrest v. Oder, 42 Ill. 500; Robison v. Hibbs, 48 Ill. 408; Clause v. Press Co., 118 Ill. 612, 9 N. E. 201. See, also, Winder v. Caldwell, 14 How. 434, 443. It is earnestly contended in behalf of the plaintiff in error that when it appears that the plaintiff in an action is insolvent or a nonresident of the state where the action is prosecuted, a set-off of damages for breach of a contract, though unliquidated, may be allowed. But the numerous authorities cited are to the effect that in such cases a set-off may be had in equity, and there ordinarily it is allowed because relief could not be had at law. Quick v. Lemon, 105 Ill. 578; Lindsay v. Jackson, 2 Paige, 581. In Forbes v. Cooper, 88 Ky. 285, 11 S. W. 24, a contrary ruling was made; but, however pertinent and strong the reasoning on which that decision was based, it is manifestly a departure from the commonly recognized practice, and is authoritative only as a construction of the statute of Kentucky. It cannot prevail in Illinois against the rule there established.

It is contended next that the claim set up in the original notice was not unliquidated, because "it amounts substantially to a breach of contract of employment where the damages are fixed, certain, and definite, and the contract and the law furnish the exact measure of damage." But it is evident that, in order to determine the damages in question, proof was necessary—First, to establish the contract; second, to show to what extent it had been performed; and, third, to prove the damages suffered by reason of nonperformance, including the expense of doing the business, incurred, or necessary to be incurred, and kindred matters. U. S. v. Behan, 110 U. S. 338, 345, 4 Sup. Ct. 81. A claim is liquidated only when the amount of it has been determined, or the data settled upon which the amount can be calculated. U. S. v. Buchanan, 8 How. 104; North Chicago Rolling-Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 615, 14 Sup. Ct. 710; Osborn v. Etheridge, 13 Wend. 339; Hall v. Glidden, 39 Me. 445; Bell v. Ward, 10 R. I. 508; Holland v. Rea, 48 Mich. 218, 12 N. W. 167. In Edwards v. Todd, 1 Scam. 464, cited in Smith v. Huie, 14 Ala. 201, unliquidated damages were allowed as a set-off, but because connected with the subject-matter of the suit.

But it is insisted that the amount of the proposed set-off in this instance had become certain, as an account stated, because of the

fact, of which proof was offered, that the plaintiff in error had sent to the defendants in error a statement of account wherein the precise amount of damages claimed was stated, to which no response was made. Waiving all question whether, under the notice of set-off given in this case, evidence of an account stated was admissible, we know of no authority for applying to a distinct and independent claim for damages for breach of contract the rule established in respect to merchants' accounts, whereby "an account which has been presented, and no objection made thereto, after a lapse of several posts, is treated, under ordinary circumstances, as being, by acquiescence, a stated account." 1 Story, Eq. Jur. § 526; Wiggins v. Burkham, 10 Wall. 129; Pynchon v. Day, 118 Ill. 9, 7 N. E. 65; Lockwood v. Thorne, 18 N. Y. 285.

It remains to consider the items in the second notice of set-off, amounting to $98.19, and alleged to have been expended at the request of the defendants in error under or in connection with the contract set up in the first notice. The record shows that the evidence to support this claim was excluded because the items were not connected with the subject of the suit, but were advanced under the contract mentioned in the first notice of set-off. That ruling, we think, was erroneous. It was equivalent to saying that there can be no set-off unless it be of a demand, whether liquidated or unliquidated, connected with the principal cause of action. It is no objection to this set-off that it is inconsistent with that set up in the first notice, which alleged a contract under which the plaintiff in error was bound to bear his own expenses. He is not entitled to claim both the stipulated commission and a reimbursement of his expenditures, but, the court having rejected evidence of the former, because, being unliquidated, it was not a proper set-off, we do not perceive that it was incompetent for him to offer proof of the latter. U. S. v. Behan, supra. Whether by so doing he renounced all right to the demand set up in the first notice, we need not consider. The further objection is urged that, in connection with the evidence offered to establish these items, under the second notice, the offer to prove the contract mentioned in the first notice was not renewed, and that, excepting as it might be implied from that contract, there is no evidence of a request by the defendants that the outlays charged for should be made. The offer of proof, however, included the fact of an express request. The defendants in error may remit of the judgment recovered the sum of $98.19 as of the date of entry, and within 10 days file with the clerk of this court certified proof of the fact, and thereupon the judgment so reduced will be affirmed; otherwise the same will be reversed, and the cause remanded for a new trial; the costs of this appeal in either event to be taxed against the defendants in error.