## John P. Dahl, Administrator of John Bower, deceased, now for use of John F. Edmundson *v.* Pauline Auberle, Appellant.

*Judgment—Set-off—Legal and equitable set-off.*

A judgment was obtained against a constable for an illegal distraint and the landlord permitted to intervene as defendant. This judgment was subsequently assigned by the plaintiff's estate, subject to an allotment of it as exemption claimed by plaintiff's widow. The landlord petitioned for leave to set off against the judgment a subsequent judgment obtained by him against the plaintiff's estate. *Held*, That neither law nor equity will justify the court in ordering the set-off of judgment prayed for.

Argued April 26, 1897. Appeal, No. 108, April T., 1897, by defendant, from order of C. P. No. 2, Allegheny Co., Jan. T., 1897, No. 19, refusing leave to set off a judgment. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Petition for leave to set off a judgment.

John Bowers, a tenant of Pauline Auberle, obtained judgment against W. J. Lauderback, a constable, acting under authority of a landlord's warrant issued on behalf of said Pauline Auberle for an illegal levy and sale on June 29, 1895.

On September 7, 1895, the said Pauline Auberle was permitted to intervene pro interesse suo as defendant in the case.

On June 15, 1896, judgment was entered on the award of arbitrators, and same day was assigned to John F. Edmundson. In the meantime, however, John Bowers having died, appraisement of the widow's exemption was had, and one of the items elected to be retained by the widow was the sum of $281.25 out of this award of the arbitrators against W. J. Lauderback, upon petition presented in the open court on August 17, 1895, and confirmed October 8, 1895.

Pauline Auberle obtained judgment against the estate of John Bowers on May 4, 1896, for $678. On October 10, 1896, an execution was issued on the Lauderback judgment in which Pauline Auberle had intervened as defendant. On October 17, 1896, she presented her petition asking that the writ be stayed, and that she be allowed to set off her judgment against the estate of John Bowers against the Lauderback judgment for which she was responsible, it appearing that the estate of John Bowers was insolvent; the court below dismissed her petition and refused to allow the set-off prayed for. From this order defendant appealed.

*Error assigned* was refusal of the prayer of the petitioner to be allowed to set off her judgment.

*J. M. Stoner*, with him *F. H. Guffey*, for appellant.—With the recovery of the judgment by the defendant against the suit of plaintiff her equities attached, because she already had a judgment for a larger sum against the administrator, and her equities were superior to those of Edmundson or any one claiming under the administrator:. Filbert v. Hawk, 8 Watts, 443 ; Jacoby v. Guier, 6 S. & R. 448; Cutts v. Guild, 57 N. Y. 229 ; Ames v. Bates, 119 Mass. 397.

It may be added that Mrs. Auberle had no notice of the Edmundson interest in the claim against Lauderback; as matters stood upon the record she was entitled to defalcation, as clearly appears by Hazlehurst v. Bayard, 3 Yeates, 152.

*John F. Edmundson*, with him *Frank Calhoun*, for appellee. —The character of the claims was fixed at the time of the death of John Bowers, one claim being founded in tort, the other in contract. At this point no set-off could be allowed. The debt takes rank at the time of the death of a decedent : Leiper v. Levis, 15 S. & R.·108.

An equitable right to set off judgments is permitted only where it will infringe on no other right of equal grade. Consequently it is not permitted to effect an equitable assignee for value: Ramsey's Appeal, 2 Watts, 228.

At the death of the testator or intestate the rights of creditors to the assets become fixed and determined : Bosler's Administrators v. Bank, 4 Pa. 32.

*J. M. Stoner*, with him *F. H. Guffey*, in reply.—As to the cases cited by counsel for appellee in their argument, we submit that the case of Christ v. Brindle, 2 Rawle, 121, is directly opposed to their contention. Ramsey's Appeal, 2 Watts, 228, is explained by Filbert v. Hawk, 8 Watts, 443; Bosler's Administrators v. Exchange Bank, 4 Pa. 32, is distinguished by Light v. Leininger, 8 Pa. 403; Beaver v. Beaver, 23 Pa. 167, and Skiles v. Houston, 110 Pa. 254. The two other cases have no bearing on the present matter.

OPINION BY BEAVER, J., May 10, 1897:

When the appellant intervened as defendant in the suit brought by John Bower in his lifetime against the constable who had disregarded his claim for the statutory exemption of $300 from distress under a landlord's warrant issued by her, she made herself responsible for the trespass which the jury subsequently found had been committed against the rights of Bower. Prior to the time of her intervention, an award of arbitrators had been filed in the suit against Lauderback, the constable, the greater part of which was included in the inventory of goods and chattels claimed by and set apart for the use of the widow under the provisions of the act of the 14th of April, 1851 (P. L. 612), which inventory and appraisement were confirmed absolutely by the court October 8, 1895. On the 19th of May, 1896, a verdict was rendered in said suit in favor of the plaintiff and against the defendants for $325.17, upon which on the 15th of June, 1896, judgment was entered, and which on the same day was assigned by the administrator of Bower to John F. Edmundson. When, therefore, the appellant on the 17th of October, 1896, presented her petition, praying to be allowed to set off her judgment against the estate of John Bower, obtained upon the 24th of April, 1896, against the judgment which had been obtained against her in trespass, no part of it belonged to Bower's estate; $281.25 thereof was the absolute property of the widow set apart to her under the decree of the court of the 8th of October, 1895, of which the appellant had at least constructive notice, and the balance belonged to Edmundson by assignment; it being admitted by him that he took said assignment subject to the widow's rights. It is not claimed, as we understand it, that there was any legal

right of set-off on the part of the appellant.   It is plainly apparent that no such claim could have been successfully made in the trial of the action of trespass.   The appellant's legal rights were no greater after she had obtained her judgment in assumpsit against Bower's estate than before.   The entire claim, therefore, is one of equitable set-off and is addressed to the equity side of the court.   Independently of the fact that there was nothing at the time. the application was made which could be made the subject of the set-off prayed for, was the appellant in a situation to claim the intervention of equity in her behalf?   The verdict of the jury in the action of trespass established the fact that she had wrongfully sold the personal property of Bower in his lifetime.   She had thereby taken away what could have been claimed by the widow under her statutory right to $300 under the act of 14th of April, 1851, supra. All that remained for the widow was the verdict which the jury had rendered as a poor equivalent for the property so taken. It is apparent from this consideration as well as from the other facts in the case, that the appellant had no standing in equity upon which to base her application for set-off.   The assignment to the attorney was based upon a good consideration and, being held subject to the rights of the widow, is not unreasonable.   The court below was therefore entirely justified in saying that " neither law nor equity will justify the court in ordering the set-off of judgment prayed for."

The assignments of error, both of which relate to the decree of the court refusing the prayer of the petitioner to be allowed to set off her judgment, are overruled, the decree is affirmed and the appeal dismissed at the costs of the appellant.