### HULSHIZER v. NELSON.   (No. 6501.)

(Court of Civil Appeals of Texas. San Antonio. March 16, 1921. Rehearing Denied April 6, 1921.)

**1. Landlord and tenant ⬅23 — No difference between terms of oral and written contract for rental year.**

There is no difference between the validity of the terms of an oral contract and one in writing in respect to renting land from landlord for the rental year.

**2. Landlord and tenant ⬅331(5)—Pleading held to show that landlord, breaching contract, had notice of crops to be planted.**

An answer, in an action by landlord on notes and to foreclose lien for money advanced for mules and machinery, wherein defendant sought damages for breach of contract to lease by plaintiff, *held* to sufficiently charge that plaintiff had notice of the kind of crops that defendant intended to plant on the tract which plaintiff later refused to let.

**3. Trial ⬅158—General motion to strike out all testimony not to be considered.**

A motion to strike from the record all testimony introduced by the adverse party is very far-reaching, and should never be entertained, where there is any material testimony, however slight, bearing on issues under investigation.

**4. Trial ⬅260(1) — Not error to refuse requested charge covered by given charges.**

The court did not err in refusing to give a requested charge embracing more than one subject, where each one of such subjects was covered by the general charge.

**5. Trial ⬅194(1)—Instructions on weight of evidence properly refused.**

Special requested charges were properly refused, where they were on the weight of the evidence.

**6. Landlord and tenant ⬅22(3)—Tenant need not accept other lands on breach by landlord of agreement to let.**

In an action wherein tenant obtained damages for breach of contract to rent land, an assignment that verdict of jury was contrary to the evidence, in finding that landlord breach-

---

ed the contract to tenant's damage, because it was conclusively shown landlord offered to let tenant have another tract of land in every respect equally as good in quality and condition as the tract he did not get, was without merit, since the tenant had a perfect right to insist upon the contract he made.

**7. Set-off and counterclaim ⊚⟹29(1)—Tenant entitled to set up damages for breach of contract in action on notes.**

In an action by landlord on notes for money advanced to purchase farming implements, on which plaintiff then had a landlord's lien and a chattel mortgage lien, tenant was entitled to set up his unliquidated damages for breach of an oral agreement of the plaintiff landlord to lease defendant a certain other tract of land by way of counterclaim in the form of a cross-action, all growing out of the same transaction.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by George L. Hulshizer against C. A. Nelson. Judgment for defendant, and plaintiff appeals. Affirmed.

W. C. Jones, of Robstown, and E. L. Coleman, of Corpus Christi, for appellant.

G. R. Scott and Boone & Pope, all of Corpus Christi, for appellee.

COBBS, J. This suit was commenced by appellant against appellee to recover from him on two notes, one for $750 and one for $550, and to foreclose the landlord's lien and a chattel mortgage lien upon farm implements and four mules. He alleged appellee was his tenant for the year, November 1, 1918, to November 1, 1919; that the first note was for money advanced to purchase the mules, and the second note for money to purchase the farming implements. There were certain credits conceded in the petition on the first note, but none on the second. A writ of sequestration was sued out to secure the property. The mules and some harness were replevied by appellee. The rest were replevied by appellant.

Appellee filed answer, pleading certain payments and credits for corn, cotton seed, and cotton alleged to have been sold and delivered to appellant, and a written agreement stating the amount of credits to which he was entitled, stipulating that all credits allowed and afterwards accruing should be applied on the first note until paid, and that then the mules should be released from mortgage. Thereafter he was entitled to further credits of $207.14 on October 8, 1918, and about that date offered to pay appellant the first note and demanded a release of the mules. He was able to pay the balance on said first note, but appellant refused to release the mules unless he paid both notes.

The cross-action and reconvention alleges that they entered into a written contract about November 1, 1918–19, the crop year, by the terms of which appellant was to furnish land and advances, the rental to be one-third of all corn, feedstuffs, and crops other than cotton, and to be one-fourth of the cotton; that the season was not favorable, and appellee lost the bulk of the cotton in the field, occasioned by the September, 1919, storm, which made it necessary to secure work at daily labor to support himself and family until time to begin work for the next season's crop; that he left his farming implements, tools, and live stock, as he thought safe, on his premises, and while thus engaged in work in a near neighborhood about November 1, 1919, without his knowledge or consent, and without legal process, appellant broke into and entered an outhouse on the leased premises, and removed therefrom and converted certain personal property of appellee, of the value of $106; after the farming implements had been taken away by appellant, appellant applied for and obtained a writ of sequestration, and caused it to be levied upon the property which remained in his possession and were so in his possession and under his control when he (appellant) filed a replevy bond; that the writ of sequestration was applied for without probable cause, willfully and maliciously, for the purpose of injuring appellee.

While occupying appellant's premises as appellant's tenant, he leased from appellant for the year 1919–1920 a different 80 acres and house, and it was agreed appellee was to plant onions, cabbage, cotton, corn, and feedstuffs, the usual rental terms to apply; that he made his arrangements accordingly, and would have planted, grown, and worked said crop successfully, and gathered and marketed the same, but appellant breached the contract and refused to let him have the land. The pleading sets out his claim for damages caused thereby and the efforts made by him to minimize his damages by his efforts to secure and cultivate other lands. He alleged and claimed his damages arose and were incident to, and grew out of his contract with, appellant, and part of the same transaction.

In a supplemental petition appellant claimed the right to seize and sell the property under the terms and provisions of the chattel mortgage. The court overruled appellee's motion to quash the sequestration. This case was tried with a jury, and they found as follows:

"(1) That the $750 note would have been paid by defendant, had the just and proper credits been allowed by plaintiff on such note.

"(2) That defendant is due $120 for 120 bushels of corn, and $57 for cotton seed, in addition to other credits allowed by plaintiff.

"(3) That defendant is entitled to credit of $430 on the $550 note, being the value of the farming implements in possession of plaintiff; said note of $550 to bear interest from date of same and including all collection charges.

"(4) That plaintiff is entitled to foreclosure

of mortgage and landlord's lien on mules, to be applied upon the $750 note, and for foreclosure of landlord's lien upon the harness, to be applied upon the $550 note.

"(5) That defendant is entitled to $100 for services in filling silo.

"(6) That a contract was made between plaintiff and defendant for the year 1920; that plaintiff breached said contract, thereby causing defendant damage of $1,500."

Upon this verdict the court entered the judgment of the court.

[1, 2] The first assignment complains that the court erred in not sustaining appellant's special exception IVd of his first supplemental petition, and makes the proposition that appellee could not recover damages for the breach of an oral agreement to lease certain land upon which appellee designed to raise onions and cabbages, unless appellee shows by his pleading, as well as by his evidence, that he gave notice to plaintiff of the special kind of crops, and the acreage, he intended to raise upon such land.

We see no difference between the validity of the terms of an oral contract and one in writing, of this character, in respect to renting land from the landlord for the rental year. A reference to the pleading of appellee and the proof shows it was sufficiently alleged, and the proof showed, that appellee leased from appellant 80 acres of farm land, then occupied by appellant, with the improvements, from 1st of November, 1919, until 1st of November, 1920, and that on or before the 1st of November he was to move into a larger house on the premises, and to plant a portion in onions and cabbage, and the balance in corn and cotton and feedstuffs, on the customary rental terms. Appellee made his arrangements, purchased seed to plant 10 acres of said land in onions, and 10 acres in cabbage, and 50 acres in cotton, and 10 in corn and other feedstuffs. The answer sufficiently charged that appellant had notice of the kind of crops to be planted, and what damages were likely to result by its breach. This assignment is overruled.

The second assignment complains that the court erred in giving second paragraph in the charge, as there was no proof of the value of the property as a whole, or as to each separate item of property at the time it was alleged to have been converted by appellant, and the proposition is that it was necessary to allege and prove the value at the date of conversion, in order to justify a verdict. An examination of the pleading shows the allegations sufficient, and the testimony is ample for the court to have submitted the issue, as was done, to the jury. The testimony is very fully set out in the briefs of both parties, not necessary to state here, and sufficient to support the issue. We see no merit in this contention, and it is overruled.

At the time the writ of sequestration was applied for and issued, appellant had already taken possession of the property, which had not gone out of his possession when the replevin bond was given, and the property had been used by him. He claimed the right to take it under the terms of his mortgage. He gave the replevy bond while the property was still in his hands and turned it over to his tenant. As to whether it was wrongfully taken, and without probable cause, was a question of fact, which was submitted to the jury, and, having found the facts against the defendant, we shall not disturb it, or hold they were not properly submitted. Assignments Nos. 3 and 4 are overruled.

The fifth assignment complains that the verdict is contrary to the law, in that the jury found appellee entitled to a credit of $430 on note of $550, value of farming implements, because the evidence shows that the only farming implements in his hands were those which he held under sequestration proceedings; his proposition being there was no evidence to support the fact of conversion or as to the value of the property. For statement he refers us to that made under second assignment. As this is therefore to be controlled by the facts stated under the second assignment, which has been discussed, we will overrule it, for the same reason there given.

[3] It was not error in refusing to grant appellant's motion to strike from the record all testimony introduced by appellee. Such a motion is very far-reaching, and should never be entertained, where there is any material testimony, however slight, bearing upon issues under investigation, for it would be a fundamental error, equivalent to an instructed verdict. Such a wholesale motion may be indulged in where there is no testimony; but the better practice would be to apply for an instructed verdict, in case the court did not of its own motion direct it, which he should do only where there is no material testimony on the issues under investigation. The admission of improper testimony should be timely objected to, and a motion thereafter made could be indulged in to strike it out. But a general motion to strike out all the testimony offered by one of the parties, when there is a part relevant, cannot be considered. This assignment is overruled.

[4] Appellant's seventh assignment of error complains that the court erred in refusing to give his eighth special requested charge. That charge undertakes to define conversion as applicable to this case. It undertakes to define conversion, and then, continuing, instructs the jury on the measure of damages and burden of proof. This charge embraces more than one subject. It deals with the definition of conversion, and the time when it occurred, the measure of damages, the market value of the separate converted property, and, finally, where the burden of proof rested. The jury, in the general charge, were

instructed on each of these subjects for their guidance, and this charge, being covered by the general charge, was properly refused. The court gave the appellant's special charge defining conversion. The jury were instructed that the burden of proof was on the appellee to establish his cross-action. The general charge sufficiently covered all the issues contended for in this assignment, and it is overruled.

[5] The eighth and ninth assignments complain that the court erred in refusing the ninth and twelfth special requested charges. As those charges were on the weight of evidence, they were properly refused, and those assignments are overruled.

[6] Appellant's tenth assignment of error complains that the verdict of the jury is contrary to the evidence in finding that appellant breached the contract, to appellee's damage $1,500, because it is conclusively shown appellant offered to let defendant have another 80 acres, in every respect equally as good in quality and condition as was the other 80-acre tract he did not get, except that the dwelling house was better on the first than the second tract, and he contended himself with renting only 15 acres from a cousin for the year 1920, and did not make proper effort to reduce the damages by farming the latter 80 acres, and is therefore entitled to no damages. This assignment does not embody sound principles of law. The appellee had a perfect right to insist upon the contract he made. He knew what lands he desired. He knew what character of improvements he was contracting for, and the kind of home he wished to make for himself and family to live in, and it did not lie in appellant's mouth to deny him the benefit of his supposed bargain, and say, "You take this or that land; it is just as good as the other." Such an arrangement presupposes a contract of substitution, the one for the other, where the minds of the parties do not meet on the subject. In so far as minimizing the damages is concerned, there is ample evidence of the appellee's efforts to do so.

[7] There was no error committed in allowing appellee to set up his unliquidated damages in this case by way of counterclaim in the form of a cross-action, all growing out of the same transaction. Hardeman-King Lumber Co. v. Hampton Bros., 104 Tex. 585, 142 S. W. 868; Steiner v. Oliver, 107 S. W. 359.

We have thoroughly examined all the supposed errors assigned, and find no reversible error. This is largely, if not entirely, a fact case, fairly submitted to a jury, who found the facts in favor of appellee on all the issues, and we feel, as said by Mr. Justice Kitrell, in Whitaker v. McCarty (Com. App.) 221 S. W. 573: "It would serve no useful purpose to remand this case for another trial." The judgment of the court is affirmed.