WOODLAWN FARM DAIRY CO. v. ERIE R. R. CO.

(District Court, M. D. Pennsylvania.   October Term, 1921.)

No. 1346.

**1. Courts ☞347—Equity rule as to counterclaims mandatory.**

Equity rule 30 (201 Fed. v, 118 C. C. A. v), providing that the answer must state any counterclaim arising out of the transaction which is the subject-matter of the suit, is mandatory, and is intended to prevent useless litigation, and to serve the convenience of the parties.

**2. Courts ☞259—Equity jurisdiction cannot be restricted or diminished by state legislation.**

State legislation cannot restrict or diminish the power or jurisdiction of federal courts of equity.

**3. Courts ☞347—Right of set-off or counterclaim governed by state practice.**

The procedure on the law side of the national courts must, as near as may be, conform with the practice of the state courts, and the right of set-off or counterclaim must therefore be considered with reference to the state practice.

**4. Set-off and counterclaim ☞29(3)—Defendant in action for tort cannot counterclaim for damages in same transaction.**

Under Pennsylvania practice, under the Defacation Act of 1705 (1 Smith's Laws, p. 49; Pa. St. 1920, §§ 8931, 8932), unchanged by the Practice Act of 1915 (P. L. 483; Pa. St. 1920, §§ 17181–17204), defendant, sued for damages to property, cannot counterclaim for damages to its own property in the same transaction, where it does not seek merely to reduce plaintiff's damages or defeat his action, but to obtain a judgment against plaintiff.

At Law.   Action by the Woodlawn Farm Dairy Company against the Erie Railroad Company.   On motion to strike off counterclaim.   Motion allowed.

O'Brien & Kelly, of Scranton, Pa., for plaintiff.

Knapp, O'Malley, Hill & Harris, of Scranton, Pa., for defendant.

WITMER, District Judge.   The plaintiff filed a statement of claim in an action of trespass, alleging that while its truck, loaded with cans of milk, was being driven with due care across the railroad tracks of the defendant railroad company at a grade crossing, the truck was deflected by striking a hole in the road and immediately thereafter a raised plank, and that before the truck could be moved from the roadbed a locomotive, owned and operated by the Delaware & Hudson Company, ran into and demolished it; the statement setting forth damages claimed.

The defendant filed an affidavit of defense denying the allegation of negligence and the other material allegations of the complaint, and at the same time filed a counterclaim, alleging that the plaintiff's employee negligently drove the truck off the line of the public highway and on the right of way and tracks of defendant company, as a result of which negligence the truck was stalled on the tracks of the defendant company, and while there was struck by a train owned and operated by the Delaware & Hudson Company, and that certain damages were oc-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

casioned thereby to the tracks, rails, ties, etc., of the defendant company, for which damage the defendant claims the right to recover in this suit.

Plaintiff has made a motion to strike the affidavit of defense and counterclaim from the record for two reasons, which are practically to the effect that under the law of the case no counterclaim can be set up by the defendant, being an action of trespass for damages to the plaintiff's personal property.

[1, 2] Were the case before us one of an equitable nature, no difficulty would be encountered in arriving at a solution. Rule 30 of the Federal Equity Rules of 1912 (201 Fed. v, 118 C. C. A. v) provides:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of a suit."

This is mandatory, and is intended to prevent useless litigation, and to serve the convenience of parties. Stonemetz Printers' Machinery Co. v. Brown Folding-Machine Co. (C. C.) 46 Fed. 851; Marconi Wireless Telephone Co. v. National Electric Signaling Co. (D. C.) 206 Fed. 295; P. W. P. Co. v. Slick Bros. Construction Co. (D. C.) 222 Fed. 528; Knupp v. Bell, 243 Fed. 157, 156 C. C. A. 23. And state legislation cannot "restrict or diminish the power or jurisdiction of federal courts of equity." Taylor v. Louisville & N. R. Co., 88 Fed. 350, 357, 31 C. C. A. 537.

[3] However, in the federal courts there has always prevailed a defined distinction between law and equity. On the law side of the national courts it is settled that the procedure must, as near as may be, conform with the practice of such cases in the state court. Bennett v. Butterworth, 11 How. 669, 13 L. Ed. 859; Charnley v. Sibley, 73 Fed. 980, 20 C. C. A. 157. The right of set-off or counterclaim must therefore be considered with reference to the Pennsylvania practice. In using the word "set-off" or "counterclaim," it must be noted that the Pennsylvania cases seem to have made no distinction between these two forms of remedies or cross-demands. Amram's Penna. Practice Act 1915 (P. L. 483; Pa. St. 1920, §§ 17181–17204).

[4] Touching the practice and procedure in Pennsylvania, Mr. Justice Gray, in Dushane v. Benedict, 120 U. S. 630, 7 Sup. Ct. 696, 30 L. Ed. 810 (1886), says:

"The result of the Pennsylvania decisions may be summed up thus: First. Independently of the statute, any matter, either of contract or of tort, immediately connected with the plaintiff's cause of action (which would seem to include everything that could be set up by way of recoupment, under the law as generally understood and administered in the American courts), may be set up by way of defense to the action and in abatement of the plaintiff's damages only. Second. Any matter of contract may be set up by way of counterclaim, under the statute, not only to defeat the plaintiff's action, in whole or in part, but also, if the defendant proves that the plaintiff owes him more than he owes the plaintiff, for the purpose of recovering the excess against the plaintiff. Third. No mere matter of tort can be availed of by the defendant under the statute."

In the present case it is sought, not merely to defeat the plaintiff's action of trespass or to reduce the damages by way of recoupment, but to defeat the plaintiff's action and obtain a judgment against the

plaintiff; no doubt a most desirable object, and one for which courts all through their history have been striving, to settle the entire controversy between parties finally, in one action, to avoid circuity of action, and reduce multiplicity of suits. Hibert v. Lang, 165 Pa. 439, 442, 30 Atl. 1004. Pennsylvanians early had a statute, called the Defalcation Act (1 Smith's Laws, p. 49). Chief Justice Tilghman calls attention to it in the case of Gogel v. Jacoby, 5 Serg. & R. 117, 120 (9 Am. Dec. 339), in the following words:

"Let us consider, then, how the matter stands, under our act of assembly made in the year 1705. It is somewhat singular that we should have made a statute provision on this subject before it was done in England. Yet so it is; our act of assembly was 24 years before the British statute of 2 Geo. II; and the words of our law are more comprehensive than those of the English."

However, it was early decided that this and the later statute referred only to actions ex contractu, and that a claim of damages for a mere tort is not within the statute. Kachlin v. Mulhallon (1795) 2 Dall, 237, 1 L. Ed. 363; Kachlein v. Ralston, 1 Yeates (Pa.) 571; Heck v. Shener (1818) 4 Serg. & R. (Pa.) 249, 8 Am. Dec. 700; Gogel v. Jacoby (1819) 5 Serg. & R. (Pa.) 117, 9 Am. Dec. 339; Cornell v. Green (1823) 10 Serg. & R. (Pa.) 14; Light v. Stoever (1825) 12 Serg. & R. (Pa.) 431; Hubler v. Tamney (1836) 5 Watts (Pa.) 51, 53; Peterson v. Haight (1838) 3 Whart. (Pa.) 150; Hunt v. Gilmore (1868) 59 Pa. 450, 452; Ahl v. Rhoads (1877) 84 Pa. 319, 325. In Halfpenny v. Bell, 82 Pa. 128, 130, Chief Justice Paxson says:

"It was held in Hunt v. Gilmore, 9 P. F. Smith, 450, that unliquidated damages arising ex contractu from any bargain may be set off under the Defalcation Act of 1705 (1 Sm. Laws, 49), whenever they are capable of liquidation by any known legal standard. * * * It does not necessarily follow that the damages which the defendant claimed to set off arose from any tortious acts. If they did, we concede, under all the cases, they could not be allowed." Jenkins v. Rushbrook Coal Co., 205 Pa. 166, 54 Atl. 715; Groetzinger v. Latimer, 146 Pa. 628, 23 Atl. 393.

Where a set-off was sought in action of replevin, the rule was well set forth by Justice Agnew in Macky v. Dillinger, 73 Pa. 85, 92:

"Set-off does not exist in replevin, but when the goods are the subject of a lien or charge the charge upon them can be enforced by way of recoupment, for the charge is inseparable from the thing itself, and therefore, when the value of a thing is to be allowed in damages, the charge necessarily reduces the damages by way of a recoupment, in order to do justice to both parties."

And in Dahl v. Auberle, 4 Pa. Super. Ct. 627, 629, Justice Beaver states:

"It is not claimed, as we understand it, that there was any legal right of set-off on the part of the appellant. It is plainly apparent that no such claim could have been successfully made in the trial of the action of trespass."

The reason applicable both to replevin and trespass, given by Mr. Justice Sergeant in Fairman v. Fluck, 5 Watts (Pa.) 516, 517 is that—

"Replevin is in form an action delicto, and seek damages for the unlawfully seizing and carrying away of personal property. * * *" General M. T. Co. v. Philadelphia Pav. Co., 248 Pa. 499, 503, 94 Atl. 235.

The law as to counterclaim in an action of trespass has not been affected by the Pennsylvania Practice Act of 1915. On that subject the law remains the same as before the act. Quick v. Swanson, 1 District and County Reports, 608; Shoemaker v. Myers, 30 Pa. Dist. R. 240 (1921). In the former case plaintiff brought an action of trespass to recover damages to an automobile alleged to have been caused by the negligent act of defendant. Defendant denied liability and sought to counterclaim for damages to his own automobile. The court held no set-off or counterclaim could be pleaded. To same effect is Jarecki v. Montgomery, 2 Erie, 188, 69 Pittsb. Leg. J. 109. In the case of Shoemaker v. Myers, Judge Gillan on a somewhat similar state of facts allowed a counterclaim.

The case of Heigle v. Willis, 50 Hun, 588, 3 N. Y. Supp. 497, is a case arising under the New York Code of Civil Procedure, which is very liberal (In re Cross [D. C.], 265 Fed. 769, 774), and has been very liberally construed, so that it applies as well to counterclaims in an action of tort as in assumpsit, where it arises out of the transaction which is the plaintiff's cause of action. But it must be recognized that this is purely statutory. 34 Cyc. 660. While Judge Gillan rightly holds it a most desirable result to attain and perfectly in accord with the often expressed desire of courts to settle the entire dispute between litigants in one action, and bearing in mind likewise that courts are inclined to give a liberal construction to statutes of set-off, yet it is the duty of the courts to declare and construe the law as it is found, and leave desired improvements to be made for the Legislature.

The motion to strike off counterclaim is allowed.