## In re YAMINI DRY GOODS CO.

(District Court, N. D. Texas. October, 1923.)

**1. Courts ⬅️334—State procedure followed.**

On the law side of the docket of the District Court, state procedure will be followed as near as may be.

**2. Bankruptcy ⬅️385—Funds deposited on composition not transferred to registry of state court, where bankrupt suing for damages against landlord.**

Where $525 as rent was included in deposit made by the bankrupt in connection with a proposed composition which was accepted, bankruptcy court will not transfer the $525 to the registry of the state court, where an action by the bankrupt against the landlord for withholding possession of part of the leased premises is pending, or hold the same until that suit shall have been determined, in view of Bankruptcy Act, § 12, par. "e" (Comp. St. § 9596), regardless of whether or not the damages are a proper set-off or counterclaim under section 68 (Comp. St. § 9652), or the laws of the state where the action for damages is pending (Rev. St. arts. 1329, 1330); there being no allegation of insolvency of the landlord.

In Bankruptcy. In the matter of the estate of the Yamini Dry Goods Company, bankrupt. On petition by bankrupt for review of action of referee refusing to transfer deposit to registry of state court or hold same until determination of suit in the state court. Action of referee sustained.

John W. Mackey, of Breckenridge, Tex., for bankrupt.
Hickman & Bateman, of Breckenridge, Tex., for creditor.

ATWELL, District Judge. Jesse R. Smith contracted with the bankrupt to rent it a part of a certain store in Breckenridge for $175 per month, agreeing that on or about March 15, 1923, he would deliver the remainder of the store for a total rental of $300 per month. The bankrupt used the store for February, March, and April, at a total rental of $525. Smith failed and refused to deliver the entire building on March 15 as agreed. The bankrupt claims it was heavily damaged by such failure, and, since the institution of the bankruptcy proceedings, has filed a suit in the state court for $60,000.

After the filing of the involuntary petition, the bankrupt proposed a composition, which was accepted. The $525 was included in a deposit made by the bankrupt. The landlord is now seeking this $525, and the bankrupt is seeking to have this court enter an order transferring that

amount to the registry of the state court, where the action for damages is pending, or to hold the same until that suit shall have been finally determined.

The referee refused the prayer of the bankrupt, and this petition to review resulted.

While it has been held that "a tenant's unliquidated damages for the landlord's negligence in permitting water to come upon the premises may not be set off against the landlord's claim for rent" (In re Becker Bros. [D. C. Pa.] 139 Fed. 366, 15 Am. Bankr. Rep. 228), it seems to me that the question is, to say the least, doubtful, so far as the right of set-off is concerned.

Equity rule No. 30 (Collier [13th Ed.] p. 2944) provides:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claims."

Article 1329 of the Revised Civil Statutes of Texas provides:

"If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff; and, if the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff."

Article 1330, however, provides:

"Nothing in the preceding article shall be so construed as to prohibit the defendant from pleading in set-off any counterclaim founded on a cause of action arising out of, or incident to, or connected with, the plaintiff's cause of action."

[1] Certainly on the law side of the docket this court would follow the state procedure, as near as may be. Woodlawn Farm Dairy Co. v. Erie R. R. Co. (D. C. Pa.) 282 Fed. 278; Charnley v. Sibley (C. C. A. 7th Cir.) 73 Fed. 980, 20 C. C. A. 157; Walsh Const. Co. v. City of Cleveland (D. C. Ohio), 250 Fed. 137; West v. Aurora City, 6 Wall. 139, 18 L. Ed. 819; Partridge v. Insurance Co., 15 Wall. 573, 21 L. Ed. 229.

The Texas courts have held that, in an action for rent, the defendant may recover actual and exemplary damages for wrongful suing out and levy of the distress warrant (T. & P. Coal Co. v. Lawson, 10 Tex. Civ. App. 491, 31 S. W. 843); that the maker of a note may in reconvention plead damages for payee's breach of an agreement as a part of which the note in suit was given (Hansen v. Yturria [Tex. Civ. App.] 48 S. W. 795); that if the demand sought to be adjudicated by the defendant is necessarily connected with and incident to the suit brought by the plaintiff, it is proper matter of cross-action whether liquidated or unliquidated (Bateman v. Hipp, 51 Tex. Civ. App. 405, 111 S. W. 971; Tyson v. Jackson, 41 Tex. Civ. App. 128, 90 S. W. 930; Kemendo v. Fruit Despatch, 61 Tex. Civ. App. 631, 131 S. W. 73).

Under article 1330 a tenant sued for rent may set off an unliquidated claim for damages for the landlord's negligently permitting his cattle to

injure the tenant's crop. Duran v. Lucas (Tex. Civ. App.) 144 S. W. 695. See, also, Gillispie v. Ambrose (Tex. Civ. App.) 161 S. W. 937; McLane v. Haydon (Tex. Civ. App.) 160 S. W. 1146; Waco Cement Co. v. Smith (Tex. Civ. App.) 162 S. W. 1158; Maury-Cole v. Lockhart (Tex. Civ. App.) 173 S. W. 262; First National Bank v. Mangum (Tex. Civ. App.) 176 S. W. 1197; Alley v. Bessemer Gas, etc. (Tex. Civ. App.) 228 S. W. 963; and Hulshizer v. Nelson (Tex. Civ. App.) 229 S. W. 658, for other illustrations of this right of set-off under the Texas practice.

Again it is recognized that where a landlord deprives the lessee of the beneficial enjoyment and use of some portion of the leased premises, the lessee may retain possession of the remainder of the premises and use and enjoy the same without rendering himself liable for any part of the rental. 20 A. L. R. 1369, note. In an action by the lessor to recover the rental of the premises the lessee is entitled to offset, counterclaim, or recoup damages, accruing to him by reason of the interference with or deprivation of the lessor, or some one acting under his authority, of the beneficial enjoyment by the lessee of the leased premises, and this right is not lost by the latter remaining in possession. See, also, McAlester v. Landers, 70 Cal. 79, 11 Pac. 505.

On the other hand, actions in bankruptcy are governed by equity rules, and we find, even though there be rule 30, quoted above, the case of Libby v. Hopkins, 104 U. S. 303, 26 L. Ed. 769, where it is said:

" 'Mutual credit' includes only cases where a debt may have been within the contemplation of the parties,"

—and the case of Cumberland Glass Co. v. De Witt, 237 U. S. 447, 35 Sup. Ct. 636, 59 L. Ed. 1042, 34 Am. Bankr. Rep. 723, in which the court said:

"The provision [section 68a] is permissible rather than mandatory, and does not enlarge the doctrine of set-off, and cannot be invoked in cases where the general principles of set-off would not justify it. * * * The matter is placed within the control of the bankruptcy court, which exercises its discretion in these cases upon the general principles of equity."

Section 68 of the Bankruptcy Act (Comp. St. § 9652) reads as follows:

(a) "In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."
(b) "A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which is not provable against the estate."

[2] It has already been noted that the bankrupt rented an insufficient portion of a building for $175 per month with the understanding that after a few months, to wit, on March 15, it was to have the entire building at an increased rental; that if it had not been promised and if it had thought that it would not be given the entire building it would not have taken a portion thereof; that as a result of the failure of the landlord to keep his contract with reference to the entire building the bankrupt claimed heavy damages. These remain to be proven. They certainly grow out of the same transaction. But do they come within the terms of section 68? The determining consideration, however, in

the court's mind, is not the appropriateness of the set-off nor its permissibility. This is a court of a different government; on the bankruptcy side of the docket its purpose is largely that of liquidation. It would hardly be consonant with either of these positions for it to retain possession of an amount of money that had been deposited with it for the purpose of composing this very debt until, upon some future date, when a court or courts of another government might declare that the landlord, the party to whom the money now on deposit in this court is due, in fact owes the bankrupt.

Paragraph "e" of section 12 of the law (section 9596) provides:

"Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed."

Of course "dismissal" means a seasonable closing. Collier (13th Ed.) vol. 1, p. 458. But it nevertheless says "dissmissed." Creditors prove their claims in order to share in the composition that has been offered to them and that has been deposited for them, and such claims having been adjudicated they are entitled to their funds—the money that the bankrupt offered in settlement, and which was approved by the judge, and there can be no other distribution than as offered. The words, "shall be distributed as the judge shall direct," means the channel of distribution; that is, whether through the referee or through the clerk's office—of the United States courts.

It seems to do otherwise than this would be to permit a judgment of the court to be contingent.

There is no allegation of the insolvency of the landlord.

In the case of United States Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 Sup. Ct. 620, 56 L. Ed. 1055, 28 Am. Bankr. Rep. 207, it was held that the jurisdiction of the bankrupt court in matters of this character is essentially exclusive and cannot be conferred upon another court even by agreement.

The referee will make distribution as heretofore directed; this action to be without prejudice to the claim or claims of the bankrupt against creditor, Jesse R. Smith, which is not passed on herein.